## SHEPARD *v.* HATCH.

When the plaintiff's verdict on review is less than his verdict in the original action, the defendant is entitled to judgment for the difference between the verdicts, and interest on the difference for the time between the verdicts, irrespective of the question whether he has paid the former judgment.

In the trial of an action on review the true rule is, that the jury, in computing interest, should reckon it to the date of the former verdict, and no further.

This is an action of slander.

At the April term, 1869, the jury returned a verdict for the plaintiff for $530 damages. Certain exceptions to the instructions to the jury being taken by the defendant, the case was transferred to the law term, where, in June, 1870, judgment was ordered upon the verdict, and at the October term, 1870, of this court, judgment was rendered on the verdict. Execution issued Nov. 29, 1870, for $578.76 damages, being

the amount ascertained by the verdict of the jury, and interest from the time of its rendition.

Upon review of said action at this term the jury returned a verdict for $283.33 damages. The defendant moved that judgment be rendered for him for $295.43, being the difference between $578.76 and $283.33, and the court directed that such judgment be entered; to which ruling the plaintiff, claiming that judgment should be entered for $246.67 only, being the difference between $530 and $283.33, excepted, and tendered this bill of exceptions, which is allowed.

*Webster* (with whom were *Burke* and *Davis*), for the defendant.

In this case, on the question raised by the plaintiff's bill of exceptions, the defendant begs leave to refer the court to Gen. Stats., ch. 213, sec. 1, and ch. 215, sec. 11. In this case the amount of damage for which judgment was rendered and which the plaintiff recovered was $578.76. The amount found by the jury on the review was $283.33. Now, what is the amount of the reduction for which the defendant is entitled to recover judgment?

It is clear that the defendant is entitled to the benefit of the same rule, in adding interest to the amount found by the jury, to which the plaintiff is entitled in making up his judgment which he is entitled to recover. In this case the plaintiff recovered judgment at the October term, 1870, for $530, and interest thereon from April term, 1869, and he has had the benefit of that sum up to the time of the rendition of judgment upon the review, when it turns out that the amount of damages was $283.33, as found by the jury; so that the plaintiff has had in his hands $530, and interest thereon since April term, 1869, when he should have had only $283.33 and interest thereon since April term, 1869, and the difference is the amount of the defendant's money in the plaintiff's hands which the plaintiff has received, to which the defendant is entitled *in foro conscientiae*, and to which he is equally entitled by the statutes of New Hampshire above referred to.

*Wheeler & Faulkner* (with whom was *Lovell*), for the plaintiff.

The original verdict was for $530; upon review the jury assessed the damages at $283.33. Had judgment been entered at the April term, 1869, there would be no question but that the defendant would now be entitled to judgment for $246.67, and no more. But the defendant, taking exceptions to the instructions given by the court to the jury, the case was transferred to the law term, where it remained until June, 1870, when judgment upon the verdict was ordered, and, at the October term, 1870, judgment was rendered. Execution was issued for the amount of the verdict and interest—$578.76—agreeably to sec. 1, ch. 213, Gen. Stats. The only question presented by the case is, What interpretation is to be placed upon the term " damages recovered "? Is it the damages found by the verdict of the jury, or is it the damages

for which judgment is finally entered? If the defendant's construction is correct, the defendant will, in this case, recover, in addition to the difference between the two verdicts, the very sum which the plaintiff rightfully received as damages for the wrongful detention by the defendant of the sum found due him by the former verdict.

Should the question now raised in this case remain undecided as long as the question formerly raised, about one half of the amount in controversy here would be absorbed; and if the decision should be delayed a little more than three years, the amount of the reduction of the plaintiff's damages would be just what he now claims it should be; in addition to which the defendant would lose the interest on $246.67 for the same space of time. These necessary results of the defendant's position need only to be stated to make its unsoundness manifest.

In the ordinary acceptance of the term, a party is said to "recover damages" or property when a verdict is rendered in his favor,—not when he actually receives the property or money, nor when judgment is finally entered up in his favor; and in this case, the natural import of the words, according to common usage, is not repugnant to any acknowledged principles of state policy, or the clear design of the enactment. *Robinson* v. *Tuttle,* 37 N. H. 248.

If, in this case, judgment had been ordered as of April term, 1869, the question now raised could not have arisen; yet the plaintiff would have been entitled to collect of the defendant the same amount as damages and interest which he actually received. It was upon the verdict for $530 that the judgment was ordered. The manner of rendering judgment ought not to be permitted to affect the result of the review.

FOSTER, J. In rendering judgment for the debt or damages found by verdict, interest shall be added from the time of such finding to the rendition of judgment. Gen. Stats., ch. 213, sec. 1. If, upon review, the amount of damages recovered by the plaintiff is reduced, the defendant shall have judgment for the amount of the reduction and costs. Gen. Stats., ch. 215, sec. 11. At the April term, 1869, the plaintiff recovered a verdict for $530 damages. Upon review at the April term, 1873, the plaintiff recovered a verdict for $283.33 damages.

Independent of any question concerning interest upon either verdict, it is clear that, by virtue of the last of the above statutes, the defendant should have judgment against the plaintiff for $246.67, being the difference between the first and the second verdicts.

The case finds that a judgment was rendered upon the first verdict at the April term, 1870, for $578.76, being the amount of the first verdict and interest from its finding up to the date of judgment. This was right, as the matter then stood. But the first verdict and judgment were erroneous, as determined by the result of the trial in review,—the verdict in review being the amount for which the plaintiff should have recovered damages in the first instance, and the amount upon which he was and is entitled to interest, from its finding till final judgment thereon.

It does not appear from the case whether the execution issued upon the first verdict, for damages and interest up to April, 1870, was paid and satisfied, nor, if so, when it was satisfied; nor is it material to the present inquiry.  By force of the statute, interest accrues upon the first verdict, and runs until the judgment is satisfied.  But the verdict and judgment upon the first trial, being ascertained to be erroneous and excessive, are not for that reason set aside, but instead thereof the defendant is entitled to judgment for the amount of the reduction, viz., $246.67; and since this sum, with interest upon it, is included in the plaintiff's judgment, the defendant should recover it back; that is, he should now have judgment for the difference between the two verdicts, with interest upon that difference from the date of the first verdict to the date of the second.

The second verdict determines the amount to which the plaintiff was entitled, not at the date of the second, but at the date of the first verdict.  So, too, the amount of reduction, being the difference between the two verdicts, relates to the date of the first verdict; and in rendering judgment the amount of the reduction is the difference between the two verdicts, with interest upon that difference during the time between the two verdicts.  The clerk may enter up a judgment such as upon the facts the defendant is entitled to have.

It is uncertain what view may have been taken by the jury in the case before us with regard to interest, and whether the matter entered into their calculations at all in the finding of damages upon the last trial.  It is unnecessary to determine this question; but we are agreed that, hereafter, the convenient and proper way will be to instruct the jury to reckon interest in the verdict on review only to the time of the verdict in the original action.  The judgment in review will then bear interest from the date of the verdict in the original action.  The interpretation and effect of the final verdict are, that it should be substituted for the former verdict, and take effect as of the date thereof.

*Exceptions overruled.*